**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ROGER STANLEY WOODY, | : | CIVIL ACTION NO. |
| GDC ID # 498318, | : | 2:11-CV-00120-RWS-SSC |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INVESTIGATOR ROBYN STILL, | : | PRISONER CIVIL RIGHTS |
| SHERIFF NEAL WALDEN, JR., | : | 42 U.S.C. § 1983 |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER**

Plaintiff Roger Woody, an inmate at Calhoun State Prison in Morgan, Georgia, has filed an affidavit in support of his request to proceed *in forma pauperis* ("IFP"). The affidavit and attached inmate account statement reveal that Plaintiff has a spendable account balance of $2,638.09, with average monthly deposits into that account of $416.29. [Doc. 6]. Accordingly, Plaintiff has sufficient funds in his inmate account to pay the $350.00 filing fee in full. The undersigned therefore **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* [Doc. 6] be **DENIED** and that Plaintiff be **ORDERED** to pay the full filing fee of $350.00 within thirty (30) days or face possible dismissal of this action.[1]

---

[1] The Sixth, Ninth and Tenth Circuits have held that a magistrate judge lacks the authority to enter an order denying *in forma pauperis* status because such an order is dispositive. See Lister v. Dep't of the Treasury, 408 F.3d 1309, 1311-12 (10th Cir. 2005); Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990); Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988); see also Donaldson v. Ducote, 373 F.3d 622, 624 (5th Cir. 2004) (suggesting that without litigants' consent, magistrate judge lacks authority to issue order denying IFP status). But see Seaberry v. Stadler, No. 05-1960-P, 2006 U.S. Dist. LEXIS 39055, at *1-2 (W.D. La.

Although process has not yet issued and the defendants in this case have not yet been served, Plaintiff has filed several motions, including a motion for preliminary injunction [Doc. 5], motion for declaratory judgment [Doc. 7], motion for leave to begin discovery [Doc. 8], motion to compel answer [Doc. 9] and motion for temporary restraining order [Doc. 11].  Plaintiff's motions are either based on the assumption that the defendants have been served in this case or on the contention that he is entitled to relief on the merits of his claim.  All of these motions are premature and accordingly it is **RECOMMENDED** that his motions for preliminary injunction [Doc. 5], for declaratory judgment [Doc. 7] and for temporary restraining order [Doc. 11] be **DENIED without prejudice**, and it is **ORDERED** that his motions for leave to begin discovery [Doc. 8] and to compel answer [Doc. 9] are **DENIED without prejudice**.

---

June 13, 2006) (holding that magistrate judge's order denying permission to proceed IFP is "not a recommendation to the district court" but rather "is an Order from the Magistrate Judge on a non-dispositive matter tha[t] requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law").

The Eleventh Circuit has not decided whether a magistrate judge's denial of IFP status is non-dispositive, but the Honorable William S. Duffey of this Court has suggested that it is.  See Redford v. Planchard, No. 1:09-mi-0199, 2009 U.S. Dist. LEXIS 88448, at *1-2 (N.D. Ga. Sept. 25, 2009) (Duffey, J., adopting R&R of King, M.J.) (citing In Re Arnold v. Mortg. Electronic Registration Sys., Inc., 166 F. App'x 424, 425 (11th Cir. 2006) (unpublished decision) (per curiam), and Camp v. Oliver, 798 F.2d 434, 436-37 (11th Cir. 1986)).  Out of an abundance of caution, the undersigned submits this Report and Recommendation to the District Judge on Plaintiff's application to proceed *in forma pauperis.*

2

**IT IS SO RECOMMENDED** and **ORDERED** this 16th day of September, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge